## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

Valerie Flores,

                    Plaintiff,

     v.

                                1:25-cv-1826
                                (MAD/MJK)

Carvana,

                    Defendant.

---

Valerie Flores, Plaintiff *pro se*

Mitchell J. Katz, U.S. Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

Flores commenced this action on December 28, 2025 by filing a complaint ("Compl." Dkt. 1) and an application to proceed *in forma pauperis* ("*IFP*") (Dkt. 2). Flores also filed a motion to appoint counsel. (Dkt. 3).

## I. **Background**

The Complaint alleges the following: "[Defendant] said they would only give [Flores] so much for [her] vehicle, but said [she] had to have a $250,000 down payment." (Dkt. 1 at 4) (cleaned up). The Complaint further alleges that Flores "applied for a car purchase with

1

[Defendant], which they low balled [her] on [her] trade in and then said to purchase a different vehicle [she] would have to put a $250k down payment down. That seems to be fraud and misrepresentation." (Dkt. 1 at 5). Flores alleges that "[m]onetary damages are needed immediately to repair the injury." (*Id.*). So, Flores requests "that the court award [her] $250k in punitive damages and $40k for a vehicle." (*Id.*).

## II. *IFP* Application

Flores  declares that she is unable to pay the filing fee in her *IFP* application. (Dkt. No. 2). After reviewing her application and based on the information contained therein, this Court finds that Flores is eligible for *IFP* status.

## III. Standard of Review

Courts can *sua sponte* dismiss a case "at any time" if they determine that an action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii). When deciding whether an action is frivolous, courts consider whether the complaint lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on*

*other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuse of court process, and to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

Courts have a duty to show liberality toward *pro se* litigants and must exercise extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (*per curiam*) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). Still, courts have a responsibility to ensure that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV.  **Discussion**

Below, the Court reviews the sufficiency of Flores' Complaint and addresses her motion to appoint counsel. The Court recommends that the District Court dismiss the Complaint for failure to state a claim under 15 U.S.C §§ 52, 53, and 18 U.S.C. § 1341, because those statutes

3

do not allow individuals to bring private actions. The Court also denies

Flores' motion to appoint counsel.

### A. The District Court should dismiss the Complaint for lack of subject matter jurisdiction because private plaintiffs cannot assert claims under 15 U.S.C. §§ 52, 53, or 18 U.S.C § 1341.

Concerning Flores' 15 U.S.C. §§ 52, 53 claims under the Federal

Trade Commission Act ("FTCA"), the Federal Trade Commission

("FTC") "retains regulatory and enforcement authority over the

advertising (as opposed to the labeling) of foods, drugs, and cosmetics."

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 830 n.8 (1986)

(Brennan, J., dissenting) (citing 15 U.S.C. §§ 52-55). The FTC is

"empowered and directed to prevent persons, partnerships, or

corporations . . . from using . . . unfair or deceptive acts or practices in

or affecting commerce." *See* 15 U.S.C. § 45(a)(2). So, the FTCA provides

no private right of action for individuals, like Flores, to seek relief

because only the FTC may enforce the FTCA's provisions. *See Charych*

*v. Siriusware*, Inc. , 790 Fed. App'x 299, 303 n.3 (2d Cir. 2019) ("There is

no private right of action under the FTCA.") (cleaned up); *see also Oliver*

*v. U.S. Bancorp*, No. 14-CV-8948, 2015 WL 4111908, at *6 (S.D.N.Y.

July 8, 2015) (stating that "it is well settled that there is no private

4

right" under the FTCA). Because Flores has no private right of action under 15 U.S.C. §§ 52, or 53, the Court recommends dismissing these claims for lack of subject matter jurisdiction.

Moving to Flores' 18 U.S.C § 1341 claim, "[i]t is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not … by private complaints." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972). Indeed, Courts in the Second Circuit have consistently held that "federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order); *see also Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015) ("Federal criminal statutes do not provide private rights of action …"). More specifically, the Second Circuit has held that the federal mail fraud statute—the statute at issue here—creates no private right of action. *See Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (summary order)). And because no private right of action exists under 18 U.S.C § 1341, Flores cannot state a claim under this statute.

Since Flores brought this Complaint as a private individual, the District Court should dismiss her claims because she cannot state a claim under 5 U.S.C. §§ 52, 53, or 18 U.S.C § 1341. *See Trisvan v. Burger King Corp.*, No. 19-CV-6396, 2020 WL 13851936, at *2 (E.D.N.Y. Mar. 2, 2020) (dismissing plaintiff's FTCA claim because "[t]he FTCA does not provide a private right of action") (citing cases); *see also Valentin Christian v. Town of Riga*, 649 F. Supp. 2d 84, 90 (W.D.N.Y. 2009) (dismissing plaintiff's claims brought under 18 U.S.C. § 1341, among other criminal statutes, because "none of the provisions plaintiff cites includes an express private right of action, nor may such a right be implied from the language of the statutes.").

## B. Even if the District Court determines that Flores has stated a claim under 15 U.S.C. §§ 52, 53, and 18 U.S.C § 1341, it should dismiss  the Complaint because it  fails to state a claim under Rule 8.

Even if the District Court decides that Flores' Complaint is not barred because 15 U.S.C. §§ 52, 53, and 18 U.S.C § 1341 do not allow private causes of action, the Complaint still fails to state a claim upon which relief can be granted. Pleadings must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief …" Fed. R. Civ. P. 8(a)(2). Rule 8's purpose

6

"is to give fair notice of the claim being asserted so" adverse parties have "the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (cleaned up). Rule 8 also requires that the pleading include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought[.]" *See* Fed. R. Civ. P. 8(a)(1), (3). "Although 'no technical form is required,' the Federal Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.'" *Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495 (MAD/CFH), at *2 (N.D.N.Y. 2024) (quoting Fed. R. Civ. P. 8(d)). Allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). And so, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Said another way, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678 (cleaned up).

Here, the Complaint does not state a claim. In total, Flores alleges "fraud" and "misrepresentation" because Defendant "low balled" her on a car trade-in and told her that she needed to "put a $250k down payment" towards purchase of a different vehicle. (Dkt. 1, at 5). Liberally construed, the Complaint does not allege fraud. The Complaint neither alleges that Defendant misrepresented anything nor sugests that Defendant knowingly made a false statement in reckless disregard of the truth. Moreover, the Complaint does not allege how Flores justifiably relied on any alleged misrepresentation that Defendant made and does not allege that Flores suffered any harm or injury because of Defendant's alleged misrepresentation.

At bottom, Flores' Complaint amounts to an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. And that is not enough to state a claim. *See, e.g., Lesson v. Jane Doe*, No. 1:25-CV-00188 (AMN/TWD), 2025 WL 1291533 (N.D.N.Y. May 5, 2025) (adopting report and recommendation that dismissed a

plaintiff's excessive force claim because that plaintiff failed to "identify what force" was used against him or "how it was excessive.").

### C. Flores' motion to appoint counsel is denied because she has not adequately pleaded any substantive claims.

Flores  moves for an order appointing counsel, claiming she is unable to afford an attorney and has "been unsuccessful in finding legal counsel for this consumer issue." (Dkt. 3, at 1). The Court denies Flores' motion for the reasons set forth below.

To start, there is no *right* to the appointment of counsel in civil matters. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). The factors assessed in reviewing a motion for counsel include "the merits of the plaintiff's case, the plaintiff's ability to pay for private counsel, the plaintiff's efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these factors, the one that "command[s] the most attention [is] the merits." *Id.*

In *Terminate Control Corp. v. Horowitz*, the Second Circuit reasoned: "The district judge should first determine whether the indigent's position seems likely to be of substance." 28 F.3d 1335, 1341

(2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). The court added: "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination." *Id.* In any event, appointment of counsel must be made carefully to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper*, 877 F.2d at 172 (2d Cir. 1989).

Here, even if Flores provided an explanation of her need for counsel and documentation of her efforts to secure counsel, which she has not, the main facts upon which this Court may base its decision concerning the substance of this action are those portions of Flores' Complaint where she states the facts surrounding her claims. And when a plaintiff provides little more than allegations relating to her claims, she does not meet the first requirement imposed by the Second Circuit concerning applications seeking appointment of *pro bono*

10

counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

As it stands, Flores has not met the first requirement governed by the Second Circuit concerning applications for *pro bono* counsel. Indeed, as described more fully above, Flores' Complaint references statutes that do not provide her with a claim and/or remedy. Additionally, Flores' Complaint has otherwise offered no more than unclear allegations related to her claims. Therefore, the Court finds appointment of counsel unwarranted.

## V.    <u>Opportunity to Amend</u>

Generally, before courts dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the Court should afford a plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

The Court recommends dismissing Flores' Complaint *with prejudice* and *without leave to amend* because any amendment would be futile. Flores cannot cure the lack of subject matter jurisdiction. But if the District Court finds that it has subject matter jurisdiction, it should dismiss Flores' Complaint *without prejudice* and *with leave to amend* so that Flores may amend her Complaint to include facts that make out each claim.

## VI. Conclusion

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED** that Flores' motion to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**, and it is further

**ORDERED,** that Flores' motion for appointment of counsel (Dkt. 3) is **DENIED**; and it is further

**RECOMMENDED** that Flores' Complaint (Dkt. 1) be **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** because **the District Court lacks subject matter jurisdiction**; and it is further

**RECOMMENDED**, that if the District Court does have subject matter jurisdiction, then the District Court should dismiss Flores'

Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** because the Complaint fails to state a claim; and it is

**ORDERED** that the Clerk provide Plaintiff with a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

Under 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs., Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: February 3, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

⚑ KeyCite Yellow Flag

Distinguished by   Evans v. Select Portfolio Servicing, Inc.,   E.D.N.Y.,
September 30, 2020

2015 WL 4111908
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Cathy OLIVER and Ra Maa Nu Amen Bey, Plaintiffs,
v.
U.S. BANCORP, (As Individual & Trustee) a/
k/a U.S. Bank, NA a/k/a U.S. Bank National
Association, C/O Registered Agent, the
Corporation Trust Company, Defendant.

No. 14–CV–8948 (PKC).
|
Signed July 8, 2015.

*MEMORANDUM AND ORDER*

CASTEL, District Judge.

**\*1** Plaintiffs Cathy Oliver and Ra Maa Nu Amen Bey,
proceeding *pro se,* commenced this action against defendant
U.S. Bank National Association sued herein as "U.S.
Bancorp" ("U.S.Bank") pursuant to the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiffs
assert, among other things, that U.S. Bank misrepresented
its right to collect upon an alleged mortgage loan debt of
Ms. Oliver's. Defendant moves to dismiss the Complaint
pursuant to Rule 12(b)(6), Fed.R.Civ.P. For reasons to be
explained, defendant's motion to dismiss is granted. Most
of plaintiffs' claims are barred by the FDCPA's one-year
statute of limitations. Any claim not explicitly time-barred is
dismissed for failure to state a plausible claim to relief. [1]

[1]     Defendant also seeks to dismiss the Complaint on
        the basis that U.S. Bank is not a "debt collector," as
        defined by the FDCPA. (Def. MTD Brief, § I(C).)
        Defendant further asserts that Mr. Amen Bey lacks
        standing to bring a claim against U.S. Bank, and
        as such his claims should be dismissed pursuant
        to Rules 12(b)(1) and 12(b) (6), Fed.R.Civ.P. (*Id.*
        § II.) Because there is no dispute that Ms. Oliver
        has standing to bring this action and in light of the

Court's dismissal of the Complaint in its entirety
on other grounds, the Court need not reach these
additional arguments.

BACKGROUND

Plaintiffs Cathy Oliver and Ra Maa Nu Amen Bey are co-
owners of certain real property located at 42 Brookdale Circle,
New Rochelle in Westchester County, New York. (Compl., §§
I–II (Dkt. No. 1); Pl. Opp. to MTD, "Pl. Opp." ¶ 2 (Dkt. No.
17.))

In May 2010, defendant U.S. Bank commenced a foreclosure
action in the Supreme Court of the State of New York,
Westchester County (the "Foreclosure Action") in response to
Ms. Oliver's alleged default on her mortgage loan payments. [2]
(*See* Complaint in the Foreclosure Action, Index No.
13318/10, "Foreclosure Action Compl.," (Decl. of Robin L.
Muir, "Muir Decl." (Dkt. No. 15, Ex. B.))) [3] The Foreclosure
Action Complaint identifies the mortgaged premises as
"42 BROOKDALE CIRCLE, NEW ROCHELLE, N.Y.
10801." (*Id.*)

[2]     The plaintiff in the Foreclosure Action is
        "US Bank National Association, as Trustee
        for CSMC Mortgage–Backed Pass–Through
        Certificates, Series 2006–4." (*See* Foreclosure
        Action Compl.) The defendant in the present action
        is also known as "US Bank National Association."
        In defendant's motion to dismiss, the entity is
        referred to as: "Defendant U.S. Bank National
        Association, as Trustee for CSMC Mortgage–
        Backed Pass–Through Certificates, Series 2006–
        4 s/h/a U.S. Bank Corp., as Trustee, a/k/a U.S.
        bank, NA n/k/a U.S. Bank National Association
        ("U.S.Bank")."

[3]     The Court takes judicial notice of the fact that
        filings in the Foreclosure Action, submitted to this
        Court by plaintiffs and defendants (*see* Dkt. Nos.
        15, 17, 20, 22), contain certain representations and
        were filed on certain dates. The Court does not
        consider the Foreclosure Action filings for the truth
        of their contents. *See Staehr v. Hartford Fin. Servs.
        Grp., Inc.,* 547 F.3d 406, 425 (2d Cir.2008) ("[I]t is
        proper to take judicial notice of the *fact* that ... prior
        lawsuits, or regulatory filings contained certain
        information, without regard to the truth of their
        contents ...." (emphasis in original)).

On November 10, 2014, plaintiffs commenced the instant action, alleging that U.S. Bank "engaged in a pattern of misrepresentation and deceptive practices in the collection of an alleged debt," in violation of the FDCPA. (Compl., § III.) In context, the Complaint's reference to "collection proceedings" refers to the Foreclosure Action commenced on May 19, 2010. (*See* Foreclosure Action Compl. & Summons (Muir Decl., Ex. B.)) Plaintiffs' allege, *inter alia,* that U.S. Bank misrepresented (1) their status as a creditor; (2) the character, amount, and legal status of the alleged debt; (3) that they are owed default interest, attorney's fees, and other expenses; and (4) that they were in possession of an alleged debt when they commenced collection proceedings. (Compl., § III.) Plaintiffs seek injunctive relief, damages, a restitution order, and costs and fees. (*Id.* at § IV.)

On March 3, 2015, U.S. Bank moved to dismiss the Complaint. (Dkt. No. 13.) Plaintiffs opposed the motion on March 27, 2015. (Dkt. No. 17.) After U.S. Bank submitted a reply memorandum on April 7, 2015 (Dkt. No. 19), the Court provided plaintiffs with another opportunity to respond. (Dkt. No. 21.) Plaintiffs filed a further opposition to the motion to dismiss on June 17, 2015. (Dkt. No. 22.)

### I. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). " 'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 555). In considering a Rule 12(b) (6) motion to dismiss, all non-conclusory factual allegations are accepted as true, *see id.* at 678–79, and all reasonable inferences are drawn in favor of the plaintiff. *See In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir.2007) (per curiam). Moreover, plaintiff's *pro se* pleadings are given a liberal and generous construction and are read "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (internal quotation marks omitted). The Court may consider documents annexed to the complaint or incorporated by reference into the complaint without converting the motion into a motion for summary judgment. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995).

### II. FDCPA's One–Year Statute of Limitations

**\*2** Most of plaintiffs' FDCPA claims are dismissed as time-barred. A claim under the FDCPA must be brought within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought ... within one year from the date on which the violation occurs.") The continued prosecution of a foreclosure or collection suit is not a continuing violation under the FDCPA-if the same alleged misrepresentation is repeated in court filings, the claim accrues on the date of the initial representation. A new FDCPA claim only arises if a new misrepresentation is alleged. *See Calka v. Kucker, Kraus & Bruh, LLP,* 98–cv–0990 (RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (concluding that FDCPA claim accrued on date that state court lawsuit was filed in the absence of an allegation that new misrepresentations were made in subsequent court filings, rejecting theory that each action in the prosecution of a lawsuit amounts to a continuing violation of the FDCPA); *Sierra v. Foster & Garbus,* 48 F.Supp.2d 393, 395 (S.D.N.Y.1999) (dismissing an FDCPA claim because a summons and complaint did not re-start the statute of limitations where the court filings contained the same alleged deceptive representation as previous communications); *DeJesus v. BAC Home Loans Servicing, LP,* 13–cv–2864 (KAM)(VVP), 2014 WL 4804999, at *4–5 (E.D.N.Y. Sept. 26, 2014) (concluding that "[t]he established law in this Circuit does not support" plaintiffs' argument "that the fact that the Foreclosure Action is ongoing requires a finding that their FDCPA claim is timely")

Here, a number of plaintiffs' claims are time-barred because they allege violations that occurred more than one year before the date of the commencement of this action on November 10, 2014. Any FDCPA claim premised upon an alleged misrepresentation contained in the Foreclosure Action Complaint is untimely because the claim accrued when the Foreclosure Action was commenced in May 2010, over four years before plaintiffs brought the instant action. (*See* Compl., § III ¶ 2; Foreclosure Action Summons & Compl. (Muir Decl ., Ex. B.)) That some of the alleged misrepresentations in the Foreclosure Action Complaint were repeated in subsequent state court filings does not amount to a new violation of the FDCPA and does not restart the statute of limitations. *See Calka,* 1998 WL 437151, at *3; *Sierra,* 48 F.Supp.2d at 395; *DeJesus,* 2014 WL 4804999, at *4–5. The following claims are based on representations made in the Foreclosure Action Complaint, and thus are dismissed as

time-barred: U.S. Bank's alleged misrepresentation (1) of its status as a creditor rather than a debt collector (Compl., § III ¶¶ 2, 4, 6, 27, 28, 29); (2) of the character, amount, and legal status of the alleged debt (*id.* § III ¶¶ 5, 10); (3) that it is owed default interest, attorney's fees, and other expenses (*id.* § III ¶¶ 7, 16); and (4) that it was in possession of an alleged debt when it commenced collection proceedings. (*Id.* ¶ 25.)

**\*3** To the extent plaintiffs allege that U.S. Bank made new misrepresentations regarding the amount of the debt and other expenses owed in the "Affidavit of Merit and Amounts Due and Owing" submitted in the Foreclosure Action in August 2013, the FDCPA's statute of limitations still bars the claim. (*See* "Affirmation of Regularity," Ex. A ("Affidavit of Merit and Amounts Due and Owing) (Muir Reply Decl., Ex. A (Dkt. No. 20)); Pl. Opp., ¶¶ 7–8.) The statute of limitations for a violation that occurred in August 2013 expired in August 2014, three months before the commencement of this action.

Further, to the extent plaintiffs allege that U.S. Bank made new misrepresentations regarding the amount of attorney's fees due in U.S. Bank's August 22, 2014 "Attorney Affirmation" filed in the Foreclosure Action, (Pl. Second Opp. to MTD, ¶¶ 18, 20 & Ex. S of Ex. 1 (Dkt. Nos. 22 & 22–8)), the claim is also still untimely. Plaintiffs allege that "US BANK misrepresented they are owed ... attorney's fees ... [as] the default provision written in alleged note does not clearly state nor claim debt owner can collect ... attorney's fees." (Compl., § III ¶ 7.) The Foreclosure Action Complaint asserts that Ms. Oliver owes "reasonable attorney's fees if provided for in the mortgage." (Foreclosure Action Compl., p. 5.) In August 2013, U.S. Bank represented that the mortgage did allow for attorney's fees; U.S. Bank submitted to the state court a copy of Ms. Oliver's note and mortgage as exhibits to their "Affirmation of Regularity," which respectively represent that the "Note Holder" or "Lender" may collect reasonable attorney's fees under specified circumstances. (*See* "Affirmation of Regularity," Ex. B ("Note," ¶ 6(E)), Ex. C ("Mortgage," ¶ 22.)) In August 2014, U.S. Bank submitted an affirmation in the Foreclosure Action in support of the state court granting attorney's fees in the amount of $3,025. (Pl. Second Opp. to MTD, Ex. S of Ex. 1.) Plaintiffs' allegations concern whether U.S. Bank is entitled to any attorney's fees; plaintiffs do not allege that U.S. Bank misrepresented the precise amount of attorney's fees owed. As such, U.S. Bank's August 2014 submission does not restart the statute of limitations in this instance. Plaintiffs' claim regarding attorney's fees accrued at the commencement of the Foreclosure Action and at the latest in August 2013 when U.S.

Bank submitted copies of Ms. Oliver's note and mortgage. The claim is thus barred by FDCPA's statute of limitations.

As previously referenced, plaintiffs allege a number of claims that are based on representations made in U.S. Bank's "Affirmation of Regularity," submitted to the state court in the Foreclosure Action in August 2013. (*See* Muir Reply Decl., Ex. A & B.) Any FDCPA claims premised upon an alleged misrepresentation contained in the "Affirmation of Regularity" and its accompanying exhibits are untimely because the claims accrued in August 2013, more than one year before plaintiffs brought the instant action. Thus the following allegations are time-barred: (1) "US BANK misrepresented that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") had possession of alleged debt, executed by Cathy Oliver." (Compl., § III ¶ 18) (*See* "Affirmation of Regularity," Ex. C ("Mortgage"), Ex. D ("Assignment of Mortgage to U.S. Bank National Association")); (2) U.S. Bank "false[ly] represent[ed] ... service of written notice accelerating alleged debt" (Pl. Opp., ¶ 11; *see* Compl., ¶ 19) (*See* "Affirmation of Regularity," Ex. A ("Affidavit of Merit and Amounts Due and Owing," ¶¶ 5–7), Ex. F ("Demand Letter"), Ex. G ("RPAPL § 1304 90 Day Notice .")); (3) U.S. Bank "false[ly] represent[ed] ... service of written notice of alleged debt default" (Pl. Opp., ¶ 12; *see* Compl., ¶ 20) (*See* "Affirmation of Regularity," Ex. A ("Affidavit of Merit and Amounts Due and Owing," ¶¶ 5–7), Ex. F ("Demand Letter"), Ex. G ("RPAPL § 1304 90 Day Notice.")); and (4) U.S. Bank "falsely represented they served Cathy Oliver notice of alleged debt collection proceedings" (Pl.Opp., ¶ 6) (*See* "Affirmation of Regularity," Ex. L ("Affidavits of Service"), Ex. M ("Affidavits of Service of the Summons, per CPLR § 3215.")) Each of these claims are traceable to representations in the exhibits to the "Affirmation of Regularity," cited above, and thus were time-barred three months before the initiation of the present action.

### III. Plaintiffs Fail to State a Claim Pursuant to Section 1692g

**\*4** Plaintiffs also allege that U.S. Bank violated sections 1692g(a) and (b). (Compl., § III ¶¶ 10–12; Pl. Second Opp. to MTD, ¶ 32 .) Specifically, plaintiffs allege that in violation of section 1692g, U.S. Bank (1) "misrepresented the amount of the alleged debt" (Compl., § III ¶ 10); (2) "misrepresented the name of the creditor to whom the alleged debt is allegedly owed" (*id.* § III ¶ 11); (3) "misrepresented they served Cathy Oliver and/or agents a statement stating ... that if she notifies the debt collector in writing within the thirty-day initial communication period that the debt, or any portion thereof,

is disputed, the debt collector will obtain verification of the debt and then mail it to Cathy Oliver (*id.* § III ¶ 12); and (4) "failed and refused to verify and/or validate the alleged debt, after receiving notice of dispute from Plaintiff." (Pl. Second Opp. to MTD, ¶ 32.)

Section 1692g(a) establishes a scheme in which once a debt collector has an "initial communication" with a consumer, the debt collector has five days to send the consumer written notice containing certain specified information. 15 U.S.C. § 1692g(a). Among the information that must be communicated to the consumer is that, if within thirty days of receipt of the notice the consumer notifies the debt collector that he or she contests the debt, the debt collector will send verification of the debt. *Id.* § 1692g(a)(4). If within the thirty-day period just described, the consumer in fact notifies the debt collector in writing that the debt is disputed, section 1692g(b) provides for a temporary moratorium on collection efforts. *Id.* § 1692g(b). The statute specifies that formal pleadings in a civil action are not considered an "initial communication" for purposes of section 1692g(a). *Id.* § 1692g(d).

Application of both 1692g(a) and (b) depend on the existence of an "initial communication" from the debt collector to the consumer. *See id.* § 1692(a) & (b); *see also Lane v. Fein, Such & Crane, LLP,* 767 F.Supp.2d 382, 385–88 (E.D.N.Y.2011) (dismissing plaintiffs' claims pursuant to sections 1692g(a) and (b), where the only communication from the debt collector that plaintiffs identified was the service of a state court complaint, reasoning that plaintiffs failed to identify an "initial communication"). Here, plaintiffs fail to allege any "initial communication" from U.S. Bank, and therefore fail to state a claim for a violation of sections 1692g(a) and (b). As explicitly specified in the statute, U.S. Bank's state court submissions in the Foreclosure Action do not constitute an "initial communication." 15 U.S.C. § 1692g(d). Plaintiffs' claims pursuant to section 1692g are therefore dismissed.

IV. Plaintiffs Remaining Claims are Conclusory

Many of plaintiffs' claims discussed above as barred by the statute of limitations are also conclusory. However, some of the Complaint's claims are so vague and conclusory that the Court cannot discern whether they are barred by the statute of limitations. A fair reading of these claims does not reveal the actions or omissions to which plaintiffs are referring. They are conclusory and hopelessly fail to satisfy Rule 8(a), Fed.R.Civ.P.

**\*5** Under Rule 8(a)(2), Fed.R.Civ.P., a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Iqbal,* the Supreme Court interpreted this pleading standard to mean that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief;" however, pleadings that are "no more than conclusions are not entitled to the assumption of truth." *Id.* at 679. A complaint that merely "offers 'labels and conclusions' " or tenders " 'naked assertion[s]' devoid of 'further factual enhancement' " does not suffice. *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555, 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, a formulaic recitation of acts prohibited by the FDCPA, without any alleged factual content, cannot survive a motion to dismiss. *See id.* at 678; *see also Ghartey v. Farnsworth,* 08–cv–6682 (LAP), 2010 WL 199691, at *3 (S.D.N.Y. Jan. 11, 2010) ("Plaintiff fails to state a claim under the FDCPA because he does not allege facts sufficient to permit an inference that any Defendant violated any part of that statute."); *Sembler v. Attention Funding Trust,* 07–cv–2493 (RJD)(LB), 2009 WL 2883049, at *2 (E.D.N.Y. Sept. 3, 2009) *report and recommendation adopted,* 07–cv–2493 (RJD)(LB), 2009 WL 3055347 (E.D.N.Y. Sept. 24, 2009) (concluding that plaintiff failed to state an FDCPA claim where plaintiff did not specify the content or nature of defendants' alleged "abusive" communications, explaining that "Plaintiff cannot merely track the language of the statute without alleging accompanying facts in his pleading"); *Shetiwy v. Midland Credit Mgmt.,* 15 F.Supp.3d 437, 446–47 (S.D.N.Y.2014), *appeal dismissed* (July 10, 2014) (dismissing plaintiffs' FDCPA claims where the complaint "include[d] recitations of the legal elements of an FDCPA claim and blanket conclusions that ... Defendants violated these sections" but failed to provide "sufficient factual support to state a plausible claim").

The following claims are wholly unsupported and are dismissed for failure to state a claim: U.S. Bank (1) "misrepresented the services rendered and compensation for which they may lawfully receive pursuant to § 1692e(2)

(B) (Compl., § III ¶ 8); (2) "is using deceptive means and misrepresentation ... to obtain personal information from credit bureaus concerning Cathy Oliver pursuant to § 1692e(10)" (*id.* § III ¶ 9); and (3) "unlawfully designed, compiled and furnished to Cathy Oliver pursuant to § 1692j(a) forms i.e. dunning letters, etc. knowing that such forms would be used to create the false belief that a person other than alleged creditor of Cathy Oliver participated in the collection of debt allegedly owed." (*Id.* § III ¶ 13.) In regard to each of these claims, the Complaint merely recites the language of the statute without providing any accompanying factual content that would allow the Court to draw the reasonable inference that defendants are liable for the conduct alleged. *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiffs fail to allege when, where, or how these purported FDCPA violations occurred. As such, the Complaint fails to notify defendants or this Court of the circumstances that give rise to plaintiffs' claims. While plaintiffs cite to various exhibits in their two opposition briefs in support of the third claim listed above (*see* Pl. Opp., ¶ 9; Pl. Second Opp. to MTD, ¶ 19), no attempt is made to draw a connection between the exhibits and plaintiffs' claim. Plaintiffs fail to set forth facts to support these claims and therefore fail to plausibly state a claim for relief.

**\*6** To the extent, plaintiffs assert claims under statutes other than the FDCPA, those claims are also dismissed. Plaintiffs request "equitable relief for violations of the FDCPA/FCRA" (Compl., § IV(e)), but the Complaint fails to allege any particular violation of the FCRA let alone mention the FCRA anywhere else in the Complaint. In their two oppositions to the motion to dismiss, plaintiffs remove any

reference to the FCRA. Further, in their "Prayer for Relief," plaintiffs request a "permanent injunction to stop/prevent ongoing/future violations of the FTC Act and the FDCPA by U.S. BANK" (*id.* at p. 6 ¶ 2), and seek damages "resulting from U.S. BANK's present ongoing violations of the FTC Act and the FDCPA." (*Id.* at p. 6 ¶ 3.) Again, nowhere in the Complaint do plaintiffs allege any specific violation of the "FTC Act." Notwithstanding plaintiffs' conclusory reference to the FTC Act, it is well settled that there is no private right of action under the statute. *See Alfred Dunhill Ltd. v. Interstate Cigar Co .,* 499 F.2d 232, 237 (2d Cir.1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission."). As such, plaintiffs' claims pursuant to the FCRA and FTC Act are dismissed.

CONCLUSION

For the reasons outlined above, defendants' motion to dismiss (Dkt. No. 13) is GRANTED. Counsel for defendant shall provide plaintiffs with copies of all unreported decisions cited herein. The Clerk is directed to enter judgment for the defendants and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a) (3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 4111908

---

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.** **Docket 1:14cv08948**<br>OLIVER ET AL v. U.S. BANK CORP. ET AL | — | S.D.N.Y. | Nov. 10, 2014 | Docket |

**History**

There are no History results for this citation.

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Trisvan v. Burger King Corporation, Not Reported in Fed. Supp. (2020)

2020 WL 13851936

2020 WL 13851936
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, E.D. New York.

John TRISVAN, Plaintiff,

v.

BURGER KING CORPORATION, Defendant.

19-CV-6396 (MKB)
|
Signed March 2, 2020

**Attorneys and Law Firms**

John Trisvan, Brooklyn, NY, Pro Se.

**MEMORANDUM & ORDER**

MARGO K. BRODIE, United States District Judge:

**\*1** Plaintiff John Trisvan, proceeding *pro se*, commenced the above-captioned action on November 6, 2019, against Defendant Burger King Corporation. (Compl., Docket Entry No. 1.) Plaintiff alleges that he suffered food poisoning after eating at a Burger King restaurant in Brooklyn, New York, and seeks relief pursuant to the Federal Trade Commission Act of 1914, 15 U.S.C. §§ 45 and 52 (the "FTCA"), and Article 2 of the Uniform Commercial Code.[1] (*Id.* at 2.)[2] Plaintiff seeks $2 million in damages. (*Id.* at 5.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

---

[1]     Plaintiff filed a similar action on September 10, 2016, against Checkers Drive-In Restaurant. *See Trisvan v. Checkers Drive-In Restaurant, Inc.*, No. 16-CV-7000, 2019 WL 332177 (E.D.N.Y. Jan. 25, 2019) (dismissing complaint for failure to state a claim).

[2]     Because the Complaint is not consecutively paginated, the Court refers to the page numbers

assigned by the Electronic Case Filing ("ECF") system.

**I. Background**

Plaintiff alleges that on November 6, 2016, he purchased food from a Burger King restaurant located at 1297 Fulton Street in Brooklyn and subsequently "began having abdominal pains" after eating "the meal at his residence. (*Id.* at 2.) Plaintiff sought medical treatment at Woodhull Medical Center, where he was diagnosed with gastroenteritis; colitis and cystitis." (*Id.*) Plaintiff alleges that he later discovered that the same Burger King had been "penalized" in 2014 and 2015 for failing to maintain food at proper temperatures, had been fined twice for sanitary violations in 2016, and had been fined for sanitary violations in 2017 and 2019. (*Id.* at 3–4.) Plaintiff alleges that Defendant engaged in "deception and unfair acts" and "false advertising" and violated the "implied warranty of merchantability," pursuant to the FTCA. (*Id.* at 4.) Plaintiff also alleges that "[t]he establishment was unfit for business, but was nevertheless, held open despite numerous infractions ... indicating a breach of contract between merchant and consumer ... in violation of Uniform Commercial Code [ ] Article 2." (*Id.*)

**II. Discussion**

**a. Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after Twombly, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on

Trisvan v. Burger King Corporation, Not Reported in Fed. Supp. (2020)

2020 WL 13851936

Case 1:25-cv-01826-MAD-MJK    Document 8    Filed 02/03/26    Page 23 of 44

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007).

**\*2** In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it ...." (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000))).

**b. Plaintiff fails to state a claim under the FTCA**

Plaintiff alleges that Defendant engaged in "deceptive and unfair acts" and that Defendant's "description given in its advertisements" was "untrue, fraudulent, misleading and false by quality" in violation of sections 45 and 52 of the FTCA. [3] (Compl. 5.)

[3]      On the face of the Complaint, Plaintiff's allegations that Defendant knowingly misrepresented the contents of their food products in their advertising and labeling practices in violation of the FTCA, and the facts alleged regarding the contents of his November 6, 2016 purchase of Defendant's food products raise an issue of federal law sufficient to create federal question jurisdiction. *See Fairfield Cty. Medical Ass'n v. United Healthcare of New England, Inc.,* 557 F. App'x 53, 55 (2d Cir. 2014) (finding district court had subject matter jurisdiction over action where "plaintiffs assert two causes of action, one alleging violations of the federal regulations implementing the Medicare Act" and concluding "[p]laintiffs' complaint thus includes a claim that 'arises under' federal law sufficient to invoke federal subject matter jurisdiction").

Under the FTCA, the Federal Trade Commission (the "FTC") "retains regulatory and enforcement authority over the advertising (as opposed to the labeling) of foods, drugs, and cosmetics." *Merrell Dow Pharma. Inc. v. Thompson,* 478 U.S. 804, 830 n.8 (1986) (citing 15 U.S.C. §§ 52–55). The FTCA does not provide a private right of action. *See* 15 U.S.C.

§ 45(a)(2) ("The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations ... from using ... unfair or deceptive acts or practices in or affecting commerce."); *Naylor v. Case & McGrath, Inc.,* 585 F.2d 557, 561 (2d Cir. 1978) (referring to the FTCA, 15 U.S.C. § 45(a)(1), and noting "it is clear that no private right of action arises under that Act"); *Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the [FTCA] may be enforced only by the [FTC]. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Yesushalayim v. Liecthung,* No. 19-CV-4101, 2019 WL 3817125, at \*3 (E.D.N.Y. Aug. 13, 2019) (dismissing plaintiff's federal cause of action for violation of the FTCA for failure to state a claim because "the [FTCA] does not provide a private right of action"); *Oliver v. U.S. Bancorp,* No. 14-CV-8948, 2015 WL 4111908, at \*6 (S.D.N.Y. July 8, 2015) ("Notwithstanding plaintiffs' conclusory reference to the [FTCA], it is well settled that there is no private right of action under the statute." (citing *Alfred Dunhill Ltd.,* 499 F.2d at 237)).

Because Plaintiff is a private party and the FTCA may be enforced only by the FTC, Plaintiff fails to state a claim for which relief can be granted under the FTCA. *See Yesushalayim,* 2019 WL 3817125, at \*3. Accordingly, the Court dismisses Plaintiff's FTCA claim for personal injuries suffered as a result of his reliance on Defendant's advertisements for its food products.

**c. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim**

**\*3** Because the Court dismisses Plaintiff's federal claim under the FTCA, the Court declines to exercise jurisdiction [4] over Plaintiff's remaining claim alleging breach of contract pursuant to Article 2 of the Uniform Commercial Code. [5] *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.,* 712 F.3d 705, 727 (2d Cir. 2013) (citations and internal quotation marks omitted); *see also*

Case 1:25-cv-01826-MAD-MJK    Document 8    Filed 02/03/26    Page 24 of 44

Trisvan v. Burger King Corporation, Not Reported in Fed. Supp. (2020)

2020 WL 13851936

*One Commc'ns Corp. v. JP Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims."). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim alleging breach of contract. Plaintiff's state law claim is therefore dismissed without prejudice.

4    Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. 2.) In support, Plaintiff alleges that he is a citizen of New York, Defendant has a principal place of business in Florida, and he seeks an "award ... [of] punitive and compensatory relief, in the amount of two million dollars," (*id.* at 5), for his alleged injuries related to food poisoning. These allegations are insufficient to show that the amount in controversy exceeds $75,000.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (same); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119 (2d Cir. 2019). The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

In addition, where the jurisdictional amount includes punitive damages, those punitive damages will be considered with heightened scrutiny. *Nwanza v. Time, Inc.*, 125 F. App'x 346, 349–50 (2d Cir. 2005) (finding plaintiff's "demand for five million dollars' punitive damages based on his claims that [the defendant] fraudulently induced him into subscribing to magazines with promises

of multi-million dollar prizes—with unspecified or no actual damages" insufficient to meet amount-in-controversy requirement); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *see also Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages."); *Watty v. Cuomo*, No. 12-CV-2660, 2013 WL 4495184, at *2 (E.D.N.Y. Aug. 14, 2013) ("Plaintiff's demand for punitive and other additional damages, unsupported by the law or the allegations in the amended complaint, is not sufficient to satisfy the amount-in-controversy requirement."). As currently pled, Plaintiff's request for $2 million in punitive and compensatory damages for the alleged food poisoning is speculative and insufficient to meet the amount-in-controversy requirement for the Court to exercise diversity jurisdiction over this matter.

5    To the extent Plaintiff seeks to assert a claim for negligence for his injuries, the Court declines to assert supplement jurisdiction over those claims as well. *See Logan v. Matveevskii*, 175 F. Supp. 3d 209, 236 (S.D.N.Y. 2016) (declining jurisdiction over state law claims including, among others, a claim for negligence); *see, e.g., Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 414 (S.D.N.Y. 2011) (discussing elements of state law claim of negligence); *Bunkley-Claybrooks v. Shelly's of N.Y.*, No. 07-CV-7727, 2009 WL 2486046, at *4 (S.D.N.Y. Aug. 14, 2009) (discussing elements of state law claim of negligence based on food poisoning).

### d. Leave to amend

**\*4**  In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum

Case 1:25-cv-01826-MAD-MJK    Document 8    Filed 02/03/26    Page 25 of 44

Trisvan v. Burger King Corporation, Not Reported in Fed. Supp. (2020)

2020 WL 13851936

and Order. If Plaintiff intends to invoke the Court's diversity jurisdiction over his state law claim, Plaintiff must clearly state the basis for doing so. If Plaintiff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing the case for the reasons stated above.

### III. Conclusion

Accordingly, the Court dismisses the Complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days from the entry of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**All Citations**

Not Reported in Fed. Supp., 2020 WL 13851936

---

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|-------|-----|-------|------|------|
| **1. Docket 1:19-CV-06396**<br>Trisvan v. Burger King Worldwide, Inc. | — | E.D.N.Y. | Nov. 06, 2019 | Docket |

**History (3)**

**Direct History (1)**

1. Trisvan v. Burger King Corporation
   2020 WL 13851936 , E.D.N.Y. , Mar. 02, 2020

**Related References (2)**

2. Trisvan v. Burger King Corporation
   2020 WL 1975236 , E.D.N.Y. , Apr. 24, 2020

3. Trisvan v. Burger King Corporation
   2021 WL 1193531 , E.D.N.Y. , Mar. 30, 2021

2024 WL 4870495
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,

v.

Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)
|
Signed November 21, 2024

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New York 12010, Plaintiff pro se.

### REPORT-RECOMMENDATION & ORDER

CHRISTIAN F. HUMMEL, United States Magistrate Judge

### I. In Forma Pauperis

**\*1** Plaintiff pro se Matthew H. Cole ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). On September 26, 2024, plaintiff submitted what the Court construes to be a supplement to the complaint. [1] See Dkt. No. 7. In lieu of paying this Court's filing fees, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP. [2] Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915. Plaintiff has also submitted for the Court's review a Pro Se Application for Permission to File Electronically and a Motion to Appoint Counsel. See Dkt. Nos. 4, 5.

[1]     The submission includes a letter addressed to District Judge D'Agostino, titled, "Requirements for Cases Removed From State Court," Dkt. No. 7; a receipt from Montgomery County Clerk dated December 8, 2022; and a "Notice of Claim" with the caption of Cole v. County of Montgomery, dated December 7, 2022. See Dkt. No. 7. The undersigned has reviewed this submission in connection with the initial review of plaintiff's

complaint. See Sira v. Morton, 380 F. 3d 57, 67 (2d Cir. 2004).

[2]     Plaintiff is advised that, although he has been granted IFP status, he is still required to pay all fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

### II. Initial Review

### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

> There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

**\*2** Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction ...;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought...

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**\*3** This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) [3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis.").

[3]    Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

### B. Complaint

Plaintiff's civil cover sheet indicates that he seeks to bring this action pursuant to "Title U.S.C. 18 Section 241, Conspiracy Against Rights & Title U.S.C. 18 Section 242 Deprivation of rights Under Color of Law." Dkt. No. 1-1 at 1. The civil cover sheet further provides that his cause of action involves, "Violation of Due process, Speedy Trial Rights, Ineffective Assistance of Counsel. I feel I am being targeted for being black and gay." Id.

Plaintiff's form complaint checks the box indicating that he seeks to bring this case pursuant to 42 U.S.C. § 1983.

<u>See</u> Compl. at 3. In response to the question in the form complaint asking in "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff responds, "Due Process, 30.30 Speedy Trial Violation, Ineffective Assistance of counsel."[4] <u>Id.</u> In response to a question asking him to explain "how each defendant acted under color of state or local law," plaintiff states "Each judge deliberately denied me due process, and refused to look into the paperwork to see that i was improperly denied my speedy trial rights. It was a tean [sic] effort. The ADA/Special Prosecutor withheld intended exculpatory material which was usd [sic] against me. All mentioned actions were done and upheld even after I showed federal law with supportive case law as a pro se litigant." <u>Id.</u>

[4]    Although plaintiff generally references ineffective assistance of counsel, Compl. at 4, he does not name any attorney who may have represented him. Any claims against the prosecutor would not be considered ineffective assistance of counsel because Mr. Maxwell, as the prosecutor, was not plaintiff's attorney.

Plaintiff provides that his "case is still on appeakl [sic] in Appellate Court Third Department. I feel they are guilty, or part of what I call a scandal. I went to them from the very start with a complaint to the grievance committee, where they denied any wrongdoing. It must be ok to violate Constitutional rights there. This is from March 2019 to present" <u>Id.</u>

In response to a question that asks plaintiff to state the facts underlying his claims, plaintiff states, "Please see attached Article 78 that is attached. It was dismissed being in the wrong court, but is on point." <u>Id.</u> at 4. Plaintiff did not provide the Court with any such attachment and has not submitted any Article 78 materials. <u>See</u> Compl., Dkt. No. 7.

In response to the form complaint's question asking about any injuries suffered as a result of the conduct he complains of, plaintiff states, "Sever [sic] depression over 20 years, irreperable [sic] harm, defamation of charcter [sic] by arguments not legally allowed to give. Loss of income, inability to gain and keep employment, mental trauma, instilled disbelief in justice in the legal system, familial trauman [sic] due to my legal battles." <u>Id.</u> Indicating the relief sought, plaintiff states

**\*4**    Petitioner seeks reinstatement of driving priveldges [sic], and 10 million dollars for damages caused by conflict of interest, deliberate violation of Due Process, Speedy Trial rights, Ineffective assistance of counsel, malice, Brady Violation, Petitioner claims deliberate misconduct and malice in Montgomery County Court, the Saratoga Disrict Attorney's Office, and the Supreme Court Appellate Division Third department. \*\* This is subject to change if an attorney agrees to represent.

Compl. at 5. Although he typed his name, plaintiff does not sign the complaint where a signature is indicated. <u>See id.</u> at 8.

Plaintiff provides in his supplement that he "removed this action to district court asserting jurisdiction pursuant to 42 U.S.C. 1983, and § 1441." Dkt. No. 7. at 1. Plaintiff states that he removed this case from Montgomery County Supreme Court. <u>See id.</u> He states that he seeks or sought the removal because he was told he was "not guarantee counsel" at the state, but that "[i]n Federal Court, there is that option, pending qualification, and I am told, if a lawyer agrees to take it, then I really have something. I am in dire need of counsel." <u>Id.</u>

Plaintiff states, "[t]he ineffective assistance of counsel and The County Court are a matter already mentioned in the appeal." Dkt. No. 7 at 2. Plaintiff states that "[t]o get my conviction, I allege judicial and prosecutorial misconduct, and ineffective assistance of counsel × 4. That is why I am pro se. I had to protect myself when appointed counsel did not. It also went through a couple judges which is why they are mentioned in the preliminary complaint/paperwork, and why I mention bias." <u>Id.</u> Plaintiff states he can "prove each thing I saw not just with my words, but with transcripts[5] from the County Court, and the Adult Drug Court." <u>Id.</u> Plaintiff refers to being drug free for four and a half years and having academic success in college. <u>Id.</u> at 3. He states that he wishes this Court to hear his case because he believes he will not "see bias" in federal court "like I saw in others." <u>Id.</u> Plaintiff states that he "also put in a Notice of Removal in the Federal Court for those criminal charges that led to the Complaint. I do not trust the assigned appellate attorney. That case too has

Constitutional violations. That case number is 1:24-CR-301 (AMN)." Id.

5 Plaintiff did not provide any transcripts.

### C. Discussion [6]

6 As a courtesy, the Court has provided plaintiff with copies of any unpublished cases cited within this Report-Recommendation & Order.

### 1. Rule 8

As a threshold issue, plaintiff's complaint fails to meet the requirements of Rule 8. See FED. R. CIV. P. 8(a)(2). He does not provide a short and plain statement of the claim demonstrating why he is entitled to relief. Although he makes general references to both an Article 78 proceeding and a criminal proceeding and unexplained references to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel," he does not provide factual support or context. Thus, his complaint does not provide "fair notice" to defendants of the claims against them. See FED. R. CIV. P. 8(a)(2).

### 2. Heck v. Humphrey

However, there are several substantive concerns that further lead the undersigned to recommend dismissal. First, in referencing to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel" and explicitly referencing a criminal conviction, it is clear that plaintiff is attempting to seek some kind of review of a criminal proceeding or conviction. See Compl. at 3. Plaintiff also accuses all named judges of denying him due process and contends that an unnamed "ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me." Compl. at 4. Plaintiff also references a conviction. See Dkt. No. 7 at 4. Such claims would be barred by Heck v. Humphrey.

**\*5** As this Court, citing the District of Connecticut, has set forth:

In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).

[ ]

Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a § 1983 action is barred ... no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *3 (N.D.N.Y. May 29, 2024), report-recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Although plaintiff's complaint wants for detail, the undersigned can clearly determine that plaintiff seeks review of his criminal proceedings, conviction, and/or sentence. The claims plaintiff seeks to pursue relate to allegations that he was denied due process, denied speedy trial rights, and experienced ineffective assistance of counsel. Accordingly, plaintiff's claims are barred by Heck unless and until he can demonstrate favorable termination of his criminal conviction. [7]

7 The undersigned recognizes that claims that are determined to be barred by Heck are dismissed without prejudice. However, the undersigned has recommended dismissal with prejudice because

plaintiff has only named defendants who are immune from relief. Accordingly, the undersigned is recommending dismissal of the claims based on these immunities, rather than a <u>Heck</u> dismissal. The undersigned has included the <u>Heck</u> review for sake of completeness.

### 3. Immunities

Plaintiff names as defendants several defendants who are immune from suit. Insofar as plaintiff names Hon. Michael W. Smrtic, Interim Montgomery County Judge and Tatiana N. Coffinger, "County/Family/Surrogate's Court Judge"[8] such claims would be barred by judicial immunity.

[8]    Although plaintiff provides no facts regarding any family court proceedings, that he named a family court judge and makes general reference to that he seeks review over actions taken by a family court judge. Even if plaintiff were to amend his complaint to provide facts about any possible family court proceedings and details about any alleged violations of his rights that he believes he faced in that Court, if plaintiff seeks this Court's review of an order of the family court, such review would be barred by <u>Rooker-Feldman</u>, and if plaintiff seeks this Court's review or intervention of a currently pending/ongoing Family Court proceeding, such review would be barred by <u>Younger</u>. See <u>Porter v. Nasci</u>, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142144, at *4 (N.D.N.Y. Mar. 15, 2024) (citations omitted), <u>report and recommendation adopted</u>, 2024 WL 3158645 (N.D.N.Y. June 25, 2024) ("Under the <u>Rooker-Feldman</u> doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment."); see also <u>Diamond "D" Constr. Corp. v. McGowan</u>, 282 F.3d 191, 198 (2d Cir. 2002) ("[F]ederal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

**\*6** "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." <u>Zavalidroga v. Girouard</u>, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017)

(citing <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.' " <u>Id.</u> (quoting <u>Huminski v. Corsones</u>, 396 F.3d 53, 74 (2d Cir. 2004)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." <u>Id.</u> (citation omitted); see <u>Positano v. New York</u>, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013) (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." <u>Zavalidroga</u>, 2017 WL 8777370, at *8 (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " <u>Id.</u> (quoting <u>Mireles</u>, 502 U.S. at 11-12). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the judge clearly lacks jurisdiction over the subject matter.' " <u>Pacherille v. Burns</u>, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014) (quoting <u>Ceparano v. Southampton Just. Ct.</u>, 404 F. App'x 537, 539 (2d Cir. 2011) (summary order)). "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Ceparano</u>, 404 F. App'x at 539 (internal quotation marks and citation omitted). "Further, if the judge is performing in his judicial capacity," he " 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " <u>Ceparano</u>, 404 F. App'x at 539 (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978)). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' " <u>Bliven v. Hunt</u>, 579 F.3d 204, 209 (2d Cir. 2009) (quoting <u>Mireles</u>, 502 U.S. at 11).

Thus, as plaintiff names the judicial defendants in relation to actions or omissions that they took in their roles as judges, their actions are protected by absolute judicial immunity. To the extent plaintiff names Hon. Felix Catena, "Retired

Administrative Law Judge," Judge Catena is also protected by absolute judicial immunity as a judge's retirement, "does not impact [his or] her immunity for acts taken in [his or] her official capacity before her retirement." McCray v. Lewis, No. 16-CV-3855 (WFK/VMS), 2016 WL 4579081, at *2 (E.D.N.Y. Aug. 31, 2016). To the extent plaintiff may seek to sue the judges their official capacities, the suit is barred by the Eleventh Amendment. See Pacherille v. Burns, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").

**\*7**  In addition, plaintiff also references, exclusively in his "relief" section of the form complaint, that "the Supreme Court Appellate Division, Third Department" when stating that he experienced "deliberate misconduct and malice." Compl. at 7. He does not name this Court as a defendant anywhere in the complaint. However, even if plaintiff were to have named the Appellate Division, Third Department as a defendant, such defendant would also need to be dismissed based on Eleventh Amendment immunity as the Appellate Division "is merely an agency or arm of New York State." Benyi v. New York, No. 3:20-CV-1463 (DNH/ML), 2021 WL 1404649, at *5 (N.D.N.Y. Mar. 23, 2021), report and recommendation adopted, No. 3:20-CV-1463, 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (citation omitted). Accordingly, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division as a defendant, such claims are barred by Eleventh Amendment immunity. See Compl.

Finally, insofar as plaintiff seeks to sue Prosecutor Samuel V. Maxwell, Esq., Assistant District Attorney, in addition to the Heck issues noted above, he would be protected by absolute prosecutorial immunity. As this Court has recently reiterated,

Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.' " Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted). Absolute immunity applies when a prosecutor's conduct, acting as an advocate during the judicial phase of the criminal process, "involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (citing Kalina v. Fletcher, 522 U.S. 118, 127 (1997)).

Accordingly, absolute immunity extends to functions such as "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citing Imbler, 424 U.S. at 431 n.33); see also Flagler, 663 F.3d at 547 (explaining, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case ... [but] withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness."). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused ...." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Williams v. Atkins, No. 5:24-CV-0573 (DNH/TWD), 2024 WL 3649849, at *5 (N.D.N.Y. June 11, 2024), report and recommendation adopted, No. 5:24-CV-573, 2024 WL 3548760 (N.D.N.Y. July 26, 2024).

Plaintiff appears to suggest that Mr. Maxwell "withheld potentially exculpatory material" that was used against him. Compl. at 4. Beyond the Heck barriers already discussed, even if plaintiff could amend to provide greater detail, absolute immunity would extent to even this alleged misconduct as such allegations clearly fall within the scope of prosecutorial immunity. Accordingly, it is recommended that any claims against ADA Samuel V. Maxwell be dismissed for absolute prosecutorial immunity. "Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice." Phillips v. New York, No. 5:13-CV-927, 2013 WL 5703629, at *5 (N.D.N.Y. Oct. 17, 2013) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 223 (2d Cir. 2000)). [9]

---

[9]    Plaintiff appears to characterize his submissions as a purported removal to federal court or suggests that he seeks to remove his case from Montgomery County Court to this Court. See Dkt. No. 7 (citing 28 U.S.C. § 1441). However, in addition

to the infirmities mentioned above, plaintiff has not demonstrated that any proceeding related to this complaint has been properly removed to, or is subject to removal to, this Court. See, e.g., 28 U.S.C. § 1446. Indeed, plaintiff's submissions appear to indicate that plaintiff is the plaintiff in the County Court action. See id. § 1446(a).

### III. Conclusion

**\*8** It is **ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Honorable Michael W. Smrtic; Tatiana N. Coffinger, County/Family/Surrogate's Court Judge; and Felix Catena, Retired Administrative Law Judge (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** as follows: (1) claims brought against them in their personal/individual capacities for judicial immunity, and (2) claims brought against them in their official capacities for Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that plaintiff's section 1983 claims against Assistant District Attorney Samuel V. Maxwell (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** due to absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division, Third Department, as a defendant (Dkt. Nos. 1, 7), such claims be **DISMISSED WITH PREJUDICE** as barred by Eleventh Amendment immunity, and it is

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically (dkt. no. 4) and motion to appoint counsel [10] (dkt. no. 5) be **DISMISSED AS MOOT** based on the above recommendations, and it is

[10] The undersigned also notes that plaintiff did not contend that he made any efforts to obtain counsel on his own, show proof of any attorneys he contacted. See Terminate Control Corp v. Horowitz, 28 F.3d 1335 (2d Cir. 1994). See Dkt. No. 5.

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72. [11]

[11] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

### All Citations

Slip Copy, 2024 WL 4870495

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|-------|-----|-------|------|------|
| **1. Docket 1:24-CV-00847**<br>Cole v. Smrtic et al | — | N.D.N.Y. | July 08, 2024 | Docket |

**History (2)**

**Direct History (2)**

1.  Cole v. Smrtic 🐾
    2024 WL 4870495 , N.D.N.Y. , Nov. 21, 2024

*Report and Recommendation Adopted by*

2.  Cole v. Smrtic
    2025 WL 247901 , N.D.N.Y. , Jan. 21, 2025

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 1291533
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Scott LESSON, Plaintiff,

v.

Jane DOE / State Trooper, Defendant.

1:25-cv-00188 (AMN/TWD)
|
Signed May 5, 2025

**Attorneys and Law Firms**

SCOTT LESSON, Saratoga County Jail, 6010 County Farm
Road, Ballston Spa, New York 12020, Plaintiff, pro se.

**ORDER**

Anne M. Nardacci, United States District Judge:

**I. INTRODUCTION**

**\*1** On February 10, 2025, *pro se* plaintiff Scott Lesson
("Plaintiff") commenced this action pursuant to 42 U.S.C. §
1983 ("Section 1983") against an unknown New York State
Trooper. Dkt. No. 1 ("Complaint"). Plaintiff sought and was
granted leave to proceed *in forma pauperis.* Dkt. Nos. 4, 6.

This matter was referred to United States Magistrate Judge
Thérèse Wiley Dancks, who reviewed the Complaint pursuant
to 28 U.S.C. § 1915(e) and, on March 26, 2025, recommended
that the Complaint be dismissed with leave to amend. Dkt. No.
6 ("Report-Recommendation"). Magistrate Judge Dancks
advised that pursuant to 28 U.S.C. § 636(b)(1), the parties
had fourteen days within which to file written objections and
that failure to object to the Report-Recommendation within
fourteen days would preclude appellate review. *Id.* at 7-8. [1]
No party has filed objections to the Report-Recommendation
and the time for filing objections has expired.

[1]    Citations to docket entries utilize the pagination
generated by CM/ECF, the Court's electronic filing
system, and not the documents' internal pagination.

For the reasons set forth below, the Court adopts the Report-
Recommendation in its entirety.

**II. STANDARD OF REVIEW**
This Court reviews *de novo* those portions of a magistrate
judge's report-recommendation that have been properly
preserved with a specific objection. 28 U.S.C. § 636(b)(1)
(C). "To be 'specific,' the objection must, with particularity,
'identify [1] the portions of the proposed findings,
recommendations, or report to which it has an objection
and [2] the basis for the objection.' " *Petersen v. Astrue,*
2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in
original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific
objections have been filed, this Court reviews a magistrate
judge's report-recommendation for clear error. *See Petersen,*
2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory
committee's notes to 1983 addition). Similarly, when a party
files "[g]eneral or conclusory objections, or objections which
merely recite the same arguments [previously] presented to
the magistrate judge," the district court reviews a magistrate
judge's report-recommendations for clear error. *O'Diah v.
Mawhir,* No. 08-cv-322, 2011 WL 933846, at \*1 (N.D.N.Y.
Mar. 16, 2011) (citations omitted); *accord Mario v. P &
C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir. 2002)
(a "statement, devoid of any reference to specific findings
or recommendations to which [the plaintiff] objected and
why, and unsupported by legal authority, was not sufficient
to preserve" a claim); *Petersen,* 2 F. Supp. 3d at 228-29
& n.6 (collecting cases). "When performing such a 'clear
error' review, 'the court need only satisfy itself that there is
no clear error on the face of the record in order to accept
the recommendation.' " *Dezarea W. v. Comm'r of Soc. Sec.,*
No. 21-cv-01138, 2023 WL 2552452, at \*1 (N.D.N.Y. Mar.
17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.,* No. 17-
cv-0367, 2017 WL 5484663, at \*1 n.1 (N.D.N.Y. Nov. 14,
2017)).

**\*2** "[I]n a *pro se* case, the court must view the submissions
by a more lenient standard than that accorded to 'formal
pleadings drafted by lawyers.' " *Govan v. Campbell,* 289
F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines
v. Kerner,* 404 U.S. 519, 520 (1972)) (additional citations
omitted). The Second Circuit has held that courts are
obligated to "make reasonable allowances to protect *pro se*
litigants" from inadvertently forfeiting legal rights merely
because they lack a legal education. *Id.* (quoting *Traguth v.
Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a
*pro se* party's objections to a Report and Recommendation
must be specific and clearly aimed at particular findings
in the magistrate's proposal ...." *Machicote v. Ercole,* No. 06-
cv-13320, 2011 WL 3809920, at \*2, (S.D.N.Y. Aug. 25, 2011)
(citation omitted); *accord Caldwell v. Petros,* No. 22-cv-567,

2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks determined that Plaintiff's allegations failed to set forth a claim for excessive force, as Plaintiff did not identify what force the unidentified state trooper purportedly used against him, nor how it was excessive. Dkt. No. 6 at 5-6. Magistrate Judge Dancks also found that Plaintiff's allegations failed to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure. *Id.* at 4-5. As a result, Magistrate Judge Dancks recommended that the Complaint be dismissed with leave to amend. *Id.* at 6-7. The Court agrees with Magistrate Judge Dancks' findings and recommendations for the reasons set forth in the Report-Recommendation. Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; [2] and the Court further

[2]    As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 5 at 6–7.

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiffs file a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules. [3]

[3]    The Clerk shall also provide Plaintiff, at both his address of record and the future address he provided, Dkt. No. 2, with copies of all unreported decisions herein.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 1291533

---

**History (2)**

**Direct History (2)**

1.  Lesson v. Doe
2025 WL 915777 , N.D.N.Y. , Mar. 26, 2025

*Report and Recommendation Adopted by*

2.  Lesson v. Doe
2025 WL 1291533 , N.D.N.Y. , May 05, 2025

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings**

There are no Filings for this citation.

Harmon v. Runyon, Not Reported in F.Supp. (1997)

Case 1:25-cv-01826-MAD-MJK    Document 8    Filed 02/03/26    Page 42 of 44

1997 WL 118379

1997 WL 118379
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Jeanette HARMON, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General,
United States Postal Service, Defendant.

No. 96 CIV. 6080(SAS).
|
Mar. 17, 1997.

**Attorneys and Law Firms**

Jeanette Harmon, pro se.

Aaron Katz, Asst. U.S. Atty., New York, N.Y., for Defendant.

*MEMORANDUM ORDER*

SCHEINDLIN, District Judge.

**\*1** On August 12, 1996, plaintiff filed this action pursuant to 42 U.S.C. §§ 2000e to 2000e–17 and § 29 U.S.C. §§ 621 to 634 for employment discrimination on the basis of her age, race and gender. On November 21, 1996, plaintiff applied for the appointment of counsel on the grounds that she lacks sufficient knowledge of the law to continue to maintain her claims *pro se*. For the reasons set forth below, plaintiff's application for appointment of counsel is denied with leave to renew.

    Discussion As an initial matter, there is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of *pro bono* counsel in civil cases. *See Cooper v. A.*

*Sargenti Co. Inc.,* 877 F.2d 170, 172 (2d Cir.1989). In *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986), *cert. denied,* 502 U.S. 986, 112 S.Ct. 596, 116 L.Ed.2d 620 (1991), the Second Circuit set forth the factors courts should consider in deciding whether to grant a *pro se* plaintiff's request for the appointment of counsel. As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance." *Hodge,* 802 F.2d at 61. If the plaintiff meets this requirement, the court must next consider factors including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61–62. As plaintiff is not indigent, the court is also required to consider plaintiff's efforts to obtain a lawyer. *Cooper,* 877 F.2d at 172, 174.

In the instant case, plaintiff has not met the threshold requirement set forth in *Hodge*. Plaintiff has presented no evidence whatever to support her claims regarding defendant's allegedly improper actions. Without presenting any evidence to support her claims, Harmon cannot meet the first requirement of the *Hodge* test described above. Accordingly, plaintiff's application is denied.

Given the early stage of these proceedings, it is possible that plaintiff eventually will be able to provide some evidence to support her claims. Plaintiff's application is therefore denied with leave to renew. If plaintiff wishes to apply again for the appointment of counsel, she must make some attempt to refer to evidence which supports her claims.

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1997 WL 118379

---

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Docket 1:96cv06080**<br>HARMON v. RUNYON | — | S.D.N.Y. | Aug. 12, 1996 | Docket |

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History (4)**

**Direct History (1)**

  1.  Harmon v. Runyon
  1997 WL 118379 , S.D.N.Y. , Mar. 17, 1997

**Related References (3)**
2.  JEANETTE HARMON, APPELLANT. v. MARVIN T. RUNYON, POSTMASTER GENERAL, UNITED STATES
POSTAL SERVICE, AGENCY.
1996 WL 350949 , E.E.O.C. , June 21, 1996

3.  Harmon v. Runyon
1996 WL 696043 , S.D.N.Y. , Dec. 04, 1996

  4.  Harmon v. Runyon
1997 WL 786383 , S.D.N.Y. , Dec. 19, 1997