UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VALERIE FLORES,

                              Plaintiff,

        vs.                                                1:25-CV-1826
                                                           (MAD/MJK)
CARVANA,

                              Defendant.

---

APPEARANCES:                              OF COUNSEL:

VALERIE FLORES
Albany, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Valerie Flores ("Plaintiff") commenced this action *pro se* on December 28, 2025, alleging that Carvana ("Defendant"), a used vehicle retailer, committed "fraud [and] misrepresentation" in violation of federal law.  Dkt. No. 1 at 5.  Plaintiff alleges that after she applied to purchase a vehicle, Defendant "low balled [her] on her trade in [and] then said to purchase a different vehicle [she] would have to put a $250k down payment down." *Id.*  Plaintiff claims that Defendant violated 15 U.S.C. §§ 52 and 53, which prohibit dissemination of false advertisements and authorize courts to grant injunctive relief with respect to same in certain circumstances, and 18 U.S.C. § 1341, a criminal mail fraud statute.  *See id.* at 3.  On January 1, 2026, Plaintiff filed a supplemental exhibit: a screenshot from Defendant's website that appears to show the trade-in and down payment amounts mentioned in the complaint.  *See* Dkt. No. 6.

1

In an Order and Report-Recommendation dated February 3, 2026, Magistrate Judge Mitchell Katz recommended dismissal of the complaint. *See* Dkt. No. 8. Plaintiff did not file any objections to the Order and Report-Recommendation. On February 24, 2026, after the objection deadline passed and before this Court issued any decision, Plaintiff appealed Magistrate Judge Katz's recommendation to the Second Circuit. *See* Dkt. Nos. 9-10. The Second Circuit noted that "[t]he order appear[ed] to be non-appealable[,]" and ordered Plaintiff either to withdraw the appeal or explain the claimed basis for appellate jurisdiction. Dkt. No. 11. Plaintiff filed a letter on March 2, 2026, which simultaneously (1) claimed appellate jurisdiction based on a $75,000 amount in controversy; and (2) requested "that this case be sent back to the trial court for reprocessing."[1] Plaintiff's Letter, *Flores v. Carvana*, No. 26-435 (2d Cir. Mar. 2, 2026), Dkt. No. 9.

In reviewing an order and report-recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party properly objects to a magistrate judge's order and report-recommendation, the district court reviews *de novo* the issues raised in the objections. *See*

---

[1] Although an interlocutory appeal would normally deprive this Court of jurisdiction over the matters on appeal, there is an exception to this rule where the interlocutory appeal is clearly frivolous as a matter of law. *See Davis v. City of New York*, No. 12-CV-3297, 2018 WL 10070503, *1 (S.D.N.Y. Dec. 14, 2018) ("The Supreme Court has approved the 'dual jurisdiction' approach as an appropriate method to deal with frivolous interlocutory appeals") (citing *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996)). The federal courts of appeals have jurisdiction over "appeals from all final decisions of the district courts[,]" except where direct review is available before the U.S. Supreme Court. 28 U.S.C. § 1291. However, "[t]he requirement of finality precludes [appellate] consideration of decisions that are subject to revision." *Behrens*, 516 U.S. at 305 (citation omitted). "Because a magistrate judge's [order and report-recommendation] is subject to modification before the district judge adopts it," Magistrate Judge Katz's Order and Report-Recommendation "is not a final judgment and cannot be the subject of an interlocutory appeal." *Briggs v. Wolcott*, No. 9:24-CV-998, 2025 WL 2818728, *1 n.1 (N.D.N.Y. Oct. 3, 2025). Accordingly, this Court retains jurisdiction.

*Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358-59 (2d Cir. 2025) (citations omitted). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Id.* at 359 (citations omitted). Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific. *See id.* at 360-61. When a party does not object, or do so properly, the court reviews the magistrate judge's recommendations for clear error. *See id.* at 359-60.

Because Plaintiff has not objected to the Order and Report-Recommendation, the Court reviews it for clear error. For the reasons set forth below, the Order and Report-Recommendation is adopted as modified herein.

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)). "A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).

To survive dismissal, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), and present claims that are "plausible on [their] face[,]" *id.* at 570. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability" generally does not meet the pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The Court must

3

accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth does not extend to legal conclusions. *See Iqbal*, 556 U.S. at 678 (citation omitted).

Federal courts must assess *pro se* litigants' pleadings under a more lenient standard than attorney-drafted pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants' filings should "'be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court must construe Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

Magistrate Judge Katz recommended dismissing the complaint for lack of subject matter jurisdiction and failure to state a claim because there is no private right of action under any of the statutes that Plaintiff cites. *See* Dkt. No. 8 at 3-6. The Court agrees that the unavailability of a private right of action necessitates dismissal, but the dismissal goes to the action's merits, rather than this Court's subject matter jurisdiction. *See Doe v. Rees*, No. 3:24-CV-274, 2025 WL 834786, *7-8 (N.D.N.Y. Mar. 17, 2025); *Klaneski v. State Farm Mut. Auto. Ins. Co.*, 680 F. Supp. 3d 170, 180 (D. Conn. 2023) (quoting *Fair v. Verizon Commc'ns Inc.*, 621 Fed. Appx. 52, 53 (2d Cir. 2015) (summary order)). Per the Second Circuit, claims asserted under "a federal statute [that] does not provide a private right of action are typically subject to dismissal under Federal

4

Rule of Civil Procedure 12(b)(6) . . . for failure to state a claim."[2]  *Fair*, 621 Fed. Appx. at 53

(citing *Republic of Iraq v. ABB AG*, 768 F.3d 145, 171 (2d Cir. 2014); *Lopez v. Jet Blue Airways*,

662 F.3d 593, 597-98 (2d Cir. 2011); *George v. N.Y.C. Dep't of City Planning*, 436 F.3d 102, 103-

04 (2d Cir. 2006)).

Two of Plaintiff's cited provisions, 15 U.S.C. §§ 52 and 53, are part of the Federal Trade

Commission Act ("FTCA").[3]  Courts inside and outside the Second Circuit have recognized that

no private right of action exists under the FTCA.  *See, e.g.*, *Trisvan v. Burger King Corp.*, No. 19-

CV-6396, 2020 WL 13851936, *2 (E.D.N.Y. Mar. 2, 2020) (citing *Naylor v. Case & McGrath,*

*Inc.*, 585 F.2d 557, 561 (2d Cir. 1978)) (other citations omitted); *Alfred Dunhill Ltd. v. Interstate*

*Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("Nowhere does the [FTCA] bestow upon either

competitors or consumers standing to enforce its provisions") (citations omitted); *Holloway v.*

*Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973) ("The [FTCA] nowhere purports to

confer upon private individuals, either consumers or business competitors, a right of action to

enjoin the practices prohibited by the [FTCA] or to obtain damages following the commission of

such acts").  Accordingly, Plaintiff's claim under 15 U.S.C. §§ 52 and 53 must be dismissed.

Likewise, insofar as Plaintiff's claim is based on 18 U.S.C. § 1341, a federal criminal

statute, dismissal is necessary because individual complainants cannot prosecute crimes.  *See,*

*e.g.*, *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) (citation

---

[2] Despite the Second Circuit's position in *Fair*, another district court in this circuit has stated that "there is no federal question jurisdiction when a private party brings federal criminal claims for which there is no private right of action." *Cain v. U.S. Bank, Nat'l Ass'n*, No. 20-CV-5034, 2021 WL 3884196, *3 (E.D.N.Y. Aug. 31, 2021) (footnote omitted) (collecting cases).  Here, Plaintiff's complaint alleges that both federal question and diversity jurisdiction are present. *See* Dkt. No. 1 at 3-4 (alleging that Plaintiff is a citizen of New York, Defendant is incorporated and has its principal place of business in Arizona, and the amount in controversy is $280,000).

[3] Not to be confused with the Federal Tort Claims Act.

omitted); *Orsell v. City of Gloversville*, No. 1:25-CV-963, 2026 WL 263039, *9 (N.D.N.Y. Feb. 6, 2026), *R. & R. adopted*, 2026 WL 686042 (N.D.N.Y. Mar. 11, 2026) (collecting cases).  Only the federal government may prosecute federal crimes, *see Conn. Action Now*, 457 F.2d at 86-87 (citation omitted), including those covered by 18 U.S.C. § 1341, *see Golrick v. Nationstar Mortg., LLC*, No. 25-492, 2025 WL 3484613, *1 (2d Cir. Dec. 4, 2025) (summary order) (stating that 18 U.S.C. § 1341 does not "confer[] a private right of action"); *Klaneski*, 680 F. Supp. 3d at 179-80 (same).  The Court therefore must dismiss Plaintiff's claim under 18 U.S.C. § 1341.

Because the Court dismisses Plaintiff's complaint for failure to state a claim, rather than a lack of subject matter jurisdiction, it must decide whether the dismissal will be with or without prejudice.[4]  Where a plaintiff asserts "claims [that] are incognizable or based on meritless legal theories[,]" courts can—and do—dismiss those claims with prejudice.  *Rees*, 2025 WL 834786, at *7-8 (dismissing with prejudice the plaintiffs' claims under federal criminal statutes and a New York law that did not provide any applicable private right of action); *see also Klaneski*, 680 F. Supp. 3d at 179-80, 186 (dismissing with prejudice the plaintiff's claims under the FTCA and 18 U.S.C. § 1341 because no private right of action existed).  Because Plaintiff's claims are based on statutes that do not permit a private right of action, she has not stated any cognizable claim for relief.  Thus, the Court dismisses the complaint with prejudice.

---

[4] Magistrate Judge Katz recommended dismissing the complaint with prejudice and without leave to amend because Plaintiff "cannot cure the lack of subject matter jurisdiction."  Dkt. No. 8 at 12. Generally, however, "a complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]"  *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017).  Magistrate Judge Katz further recommended that "if the District Court finds that it has subject matter jurisdiction, it should dismiss Flores' Complaint without prejudice and with leave to amend so that Flores may amend her Complaint to include facts that make out each claim."  Dkt. No. 8 at 12 (emphasis removed).

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 8) is **ADOPTED as modified** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 6, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge